UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ANNA SIEMION,

                    Plaintiff,               **MEMORANDUM AND ORDER**
                                                               2:19-cv-855 (DRH)(ARL)

    - against –

BJ'S WHOLESALE CLUB INC. and DANIEL
LAND CO. LLC,

                    Defendants.
-------------------------------------------------------X

**APPEARANCES**

**FAUST GOETZ SCHENKER & BLEE**
Attorney for Plaintiff
2 Rector Street, 20th Floor
New York, NY 10006
By:    William Joseph Smith, Esq.

**GOLDBERG SEGALLA LLP**
Attorney for Defendants
200 Garden City Plaza, Suite 520
Garden City, NY 11530
By:    Joseph Daniel Velez, Esq.

**HURLEY, Senior District Judge:**

## INTRODUCTION

Plaintiff Anna Siemion ("Plaintiff") brought this action against Defendants BJ'S Wholesale Club Inc. ("BJ's") and Daniel Land Co LLC ("Daniel Land," collectively with BJ's, "Defendants") for injuries suffered due to Defendants' alleged "breach of duty, negligence, carelessness, and/or recklessness[.]" Plaintiff originally brought this action in state court, however Defendants later removed the action to this Court on diversity grounds. Presently before the Court is Plaintiff's motion to remand the matter back to state court. For the reasons stated below, Plaintiff's motion is granted.

## BACKGROUND

The following relevant facts come from the Complaint, and are assumed true for purposes of this motion.

On September 18, 2017, Plaintiff went to the BJ's store at 50 Daniel Street, Farmingdale, New York 11735 ("Premises"). (Compl. [ECF No. 1-2] ¶ 7.) While shopping at BJ's, Plaintiff slipped and fell down "due to a defective, dangerous, and trap-like condition at the Premises." (*Id.* ¶ 23.) As a result of this accident, Plaintiff suffered both internal and external injuries that left her seriously and permanently injured. (*Id.* ¶ 27.) Plaintiff brought the original action in state court on July 25, 2018. On February 13, 2019, Defendants removed the action to this Court on diversity grounds. On February 26, 2019, Plaintiff moved to remand the matter back to state court.

## DISCUSSION

### I.   *The Parties' Arguments*

In her motion to remand, Plaintiff sets forth two arguments: (1) that the removal petition was untimely because it was filed more than 30 days after the Complaint was filed; and (2) the Parties are not diverse because Daniel Land is a required party. (Pl.'s Mem. in Supp. [ECF No. 6] at 1–2.) In opposition, BJ's responds that: (1) the removal petition was timely because it was filed within 30 days of Defendants' learning that the amount in controversy exceeded $75,000; and (2) Daniel Land was fraudulently joined as a party to defeat diversity, when in fact, Daniel Land was an out-of-possession landlord that owed no duty of care to Plaintiff because it did not operate or control the Premises. (Def.'s Mem. in Opp. [ECF No. 8] at 4.)

II.  *The Motion to Remand is Granted*

   A.  BJ's Removal of this Action Was Timely

28 U.S.C. § 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . . citizens of different States."  28 U.S.C. § 1332(a)(1), (b).  Likewise, "any civil action brought in a State court of which the district courts have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441.

Generally, a notice of removal must be filed within 30 days of defendant's receipt of a copy of the pleading.  *Id.* § 1446(b)(1).  However, if "the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of the amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable."  *Id.* § 1446(b)(3).  Moreover, if a case "stated by the initial pleading is not removable *solely* because the amount in controversy does not exceed the amount specific in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)."  *Id.* § 1446(c)(3) (emphasis added).  In other words, once a defendant receives any document that is part of the State court proceeding that confirms for the first time that the amount in controversy exceeds $75,000, the defendant may remove the action within 30 days thereafter.

Here, Plaintiff argues that Defendant's removal was untimely because in August 2018, Defendant "was abundantly aware of the fact that Plaintiff was not willing to stipulate that her

damages were less than $75,000 when she rejected [BJ's] invitation to sign [its] stipulation capping her damages in this case." (Pl.'s Mem. in Supp. at 5.) Defendant responds that Plaintiff's unwillingness to stipulate to capping the damages "was couched entirely on an alleged lack of diversity of citizenship of the parties" and nowhere in Plaintiff's response does she state "that she is seeking compensatory damages in excess of $75,000." (Def.'s Mem. in Opp. at 3.) Defendant attests that the first time Plaintiff alleged an amount in controversy in excess of $75,000 was in her response to Defendant's Combined Demands, which was filed on January 17, 2019. (*Id.*) In Plaintiff's memorandum in further support, she again cites to her letter response refusing to stipulate to cap damages. (Pl.'s Mem. in Further Support [ECF No. 9] at 2–3.)

Plaintiff's letter response at issue is attached to her Memorandum in Support. Upon review of such letter, the Court finds that there is no language contained therein that establishes that Plaintiff sought more than $75,000 in damages. (*See* Letter from William J. Smith, Plaintiff's Counsel, to J. Daniel Velez, Defendant's Counsel (Aug. 28, 2018) at 1, Ex. B. to Pl.'s Mem. in Supp.) Rather, the letter simply states that "Plaintiff will not at this time be executing the enclosed stipulation respecting damages and will reiterate that which was averred in her complaint: that her damages exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction over the matter." (*Id.* at 2.) The jurisdictional limit of lower courts in New York is $25,000. N.Y. Const. art. VI, § 11(a). Thus, BJ's only knew that the amount in controversy exceeded $25,000 until it received the Response to BJ's Combined Demands in January. Accordingly, BJ's Notice of Removal on February 13, 2019 was timely because it was filed within 30 days of the filing of an "other paper from which it may first be ascertained that the case is one which is or has become removable" pursuant to 28 U.S.C. § 1446(b)(3). Therefore, the motion to remand is denied on timeliness grounds.

B. There Has Been No Fraudulent Joinder

The doctrine of fraudulent joinder applies when a non-diverse defendant has "no real connection with the controversy." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460–61 (2d Cir. 1998). "Fraudulent joinder need not involve outright fraud; 'joinder will be considered fraudulent when it is established that there can be no recovery against the defendant under the law of the state on the cause alleged.'" *Francis v. AccuBanc Mortgage Corp.*, 2019 WL 2498315, at *1 (S.D.N.Y. June 14, 2019) (quoting *Kuperstein v. Hoffman-Laroche, Inc.*, 457 F. Supp. 2d 467, 471 (S.D.N.Y. 2006)). Defendants bear the burden of proving fraudulent joinder by clear and convincing evidence, and all uncertainties are resolved in Plaintiff's favor. *Francis v. AccuBanc Mortgage Corp.*, 2019 WL 2498315, at *1. "[I]f there is no possibility 'that plaintiff can establish any cause of action against a defendant,' the Court may discount the citizenship of that defendant for purposes of jurisdiction and removal." *Id.* (quoting *Sonnenblick-Goldman Co. v. ITT Corp.*, 912 F. Supp. 85, 88 (S.D.N.Y. 1996)).

"Under New York law, an out-of-possession property owner is not liable for injuries that occur on the property unless the owner 'retained control over the property or is obligated by contract to perform repairs and maintenance.'" *Battaglia v. Shore Parkway Owner LLC*, 249 F. Supp. 3d 668, 671 (E.D.N.Y. 2017) (quoting *Grippo v. City of New York*, 45 A.D.3d 639, 640 (2d Dep't 2007)). However, this exception only applies if the owner has "completely parted with control of the building." *Battaglia*, 249 F. Supp. 3d at 671 (quoting *Williams v. Matrix Fin. Servs. Corp.*, 158 Fed. App'x 301, 302 (2d Cir. 2005)). A landlord has sufficient control to impose liability if the landlord maintains the building, makes necessary repairs, or retains the right to re-enter to examine the premises. *See Battaglia*, 249 F. Supp. 3d at 671.

Here, under the terms of the lease dated May 11, 2000 between BJ's and Daniel Land ("Lease"), which was submitted to the Court by BJ's as an attachment to its response in opposition, Daniel Land has retained sufficient control to impose liability. For example, § 17.14 provides:

> [Daniel Land] and its designees shall have the right to enter the [Premises] upon at least five (5) business days prior notice (or, in an emergency situation, such shorter period, if any, as is reasonable in light of the exigency), at reasonable hours accompanied by an employee of Tenant to inspect the [Premises], and to make any repairs required of [Daniel Land] under this lease[.]"

(Lease (May 11, 2000), Ex. A. to Mem. in Opp. [ECF No. 8-1] at § 17.14). Moreover, § 7.2 requires Daniel Land to make all repairs or alterations required as a result of the settling of the building or parking areas in the first five years of the Lease, as well as any repairs required by defective materials or workmanship in Daniel Land's delineated site work. (*Id.* at § 7.2) BJ's emphasizes that Daniel Land "did not operate, control, or otherwise have any obligation to inspect, clean, and/or maintain the *floor* of the interior" of the Property. (Mem. in Opp. ¶ 11) (emphasis added). However, the requirements for "retaining control" are not so narrowly drawn. As Daniel Land has the right to re-enter and is required to make necessary repairs, it is not an out-of-possession landlord under New York law. *See Battaglia*, 249 F. Supp. 3d at 671. Given that Daniel Land is *not* an out-of-possession landlord, it was not fraudulently joined.

Finally, BJ's states on numerous occasions in its Memorandum in Opposition that Daniel Land is an out-of-possession landlord in part because BJ's is required to indemnify Daniel Land for any and all liability. BJ's never directly states that the indemnity provision of the Lease alone is sufficient to render Daniel Land a nominal party. However, the Court notes *sua sponte* that "the mere fact that a defendant is indemnified by another defendant does not transform the indemnified defendant into a nominal party." *Mieschberger v. Dana Corp.*, 2011 WL 4916926,

at *2 (E.D.N.Y. Oct. 11, 2011) (quoting *Patrick v. Porter–Cable Corp.,* 2010 WL 2574121, at *5 (D.Conn. Apr. 1, 2010)) (internal quotation marks omitted).  As such, complete diversity does not exist and this Court lacks subject matter jurisdiction over the instant action.

## CONCLUSION

For all the foregoing reasons, Plaintiff's motion to remand is granted and the Clerk of Court is directed to remand the matter to New York State Court.

**SO ORDERED**

Dated: Central Islip, New York
       August 6, 2019

                                                /s/
                                       Denis R. Hurley
                                       United States District Judge